**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEROME WILSON | ) | |
| | ) | Case No. 25-cv-4795 |
| Plaintiff, | ) | |
| | ) | Judge |
| vs. | ) | |
| | ) | Magistrate Judge |
| POLICE OFFICER O'GUDE, ONOME; | ) | |
| POLICE OFFICER MCCRAY, BRANDON; | ) | |
| POLICE OFFICER MITCHELL, ARTAVIUS; | ) | |
| POLICE OFFICER ARRINGTON, JEREMY; | ) | |
| POLICE OFFICER BROGSDALE, MALCOLM; | ) | Trial By Jury Demanded |
| POLICE OFFICER ELLIS II, RUSSELL; | ) | |
| POLICE SERGEANT ARSHANETTE CHAMBERS; and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

<u>COMPLAINT AT LAW</u>

NOW COMES Plaintiff, Jerome Wilson, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Police Officer Onome O'Gude (Star No. 19777); Police Officer Brandon McCray (Star No. 18306); Police Officer Artavius Mitchell (Star No. 4689); Police Officer Jeremy Arrington (Star No. 16330); Police Officer Malcolm Brogsdale (Star No. 5508); Police Officer Russell Ellis II (Star No. 18288); Police Sergeant Arshanette Chambers (Star No. 1071); and City of Chicago state as follows:

<u>JURISDICTION AND VENUE</u>

1.      This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

1

2.      This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

PARTIES

4.      Plaintiff, Jerome Wilson ("Wilson"), is a resident of the City of Chicago, County of Cook, State of Illinois.

5.      At all relevant times herein referenced, Defendant Police Officer Onome O'Gude (Star No. 19777) ("Officer O'Gude"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity.  At the time of the incident at issue in this Complaint, Officer O'Gude was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.      At all relevant times herein referenced, Defendant Police Officer Brandon McCray (Star No. 18306) ("Officer McCray"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer McCray was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.      At all relevant times herein referenced, Defendant Police Officer Artavius Mitchell (Star No. 4689) ("Officer Mitchell"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Mitchell was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8.      At all relevant times herein referenced, Defendant Police Officer Jeremy Arrington (Star No. 16330) ("Officer Arrington"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Arrington was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9.      At all relevant times herein referenced, Defendant Police Officer Malcolm Brogsdale (Star No. 5508) ("Officer Brogsdale"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Brogsdale was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10.      At all relevant times herein referenced, Defendant Police Officer Russell Ellis II (Star No. 18288) ("Officer Ellis"), was employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Ellis was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

11.      At all relevant times herein referenced, Defendant Police Sergeant Arshanette Chambers (Star No. 1071) ("Sergeant Chambers"), was employed by the City of Chicago as a sworn police officer.  She is sued in her individual capacity. At the time of the incident at issue in this Complaint, Sergeant Chambers was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

12.      At all relevant times herein referenced, Defendant, City of Chicago, is a governmental entity formed pursuant to the laws of the State of Illinois.  Officers O'Gude, McCray, Mitchell, Arrington, Brogsdale, Ellis and Chambers ("Defendant Officers") were

3

employed by City of Chicago as sworn police officers, and at the time of the incident at issue the Defendant Officers were acting within the scope of their employment for City of Chicago and under color of law.

<u>ALLEGATIONS</u>

13.     On the evening of November 4, 2023, Wilson was visiting his sister, a Chicago Police Officer, at her residence in the 7500 Block of South Michigan Avenue, in Chicago, Illinois.

14.     Defendant Officers approached Wilson and falsely and inaccurately accused him of being in possession of a gun.  Wilson did not have a gun.

15.     Defendant Officers unlawfully entered the properly of Wilson's sister's home.

16.     Defendant Officers handcuffed Wilson too tightly, causing injury.

17.     Defendant Officers arrested Wilson without justification.

18.     Defendant Officers incarcerated Wilson.

19.     As a result of the Defendants Officers' conduct Dean suffered physical and emotional injuries, pain and suffering, medical treatment and bills, constitutional violations, loss of liberty, and other losses and expenses.

<u>COUNT II</u>
<u>42 U.S.C. §1983 FALSE ARREST</u>
<u>AGAINST DEFENDANT OFFICERS</u>

20.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 19.

21.     Defendant Officers did not have probable cause or any other legal basis to arrest the Plaintiff.

22.     The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment

4

Rights and were in violation of said rights protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, Jerome Wilson, prays for judgment against Police Officer Onome O'Gude (Star No. 19777); Police Officer Brandon McCray (Star No. 18306); Police Officer Artavius Mitchell (Star No. 4689); Police Officer Jeremy Arrington (Star No. 16330); Police Officer Malcolm Brogsdale (Star No. 5508); Police Officer Russell Ellis II (Star No. 18288); Police Sergeant Arshanette Chambers (Star No. 1071) for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

<u>COUNT II</u>
<u>SECTION 1983 EXCESSIVE FORCE</u>
<u>AGAINST DEFENDANT OFFICERS</u>

23.     The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 19.

24.     The force used by Defendant Officers against Plaintiff constituted excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

25.     The force used by Defendant Officers against the Plaintiff was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

26.     As a direct and proximate result of this unjustified and excessive use of force, the Plaintiff suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, humiliation, and monetary loss and expenses.

WHEREFORE, the Plaintiff, Jerome Wilson, prays for judgment against Police Officer Onome O'Gude (Star No. 19777); Police Officer Brandon McCray (Star No. 18306); Police

5

Officer Artavius Mitchell (Star No. 4689); Police Officer Jeremy Arrington (Star No. 16330);

Police Officer Malcolm Brogsdale (Star No. 5508); Police Officer Russell Ellis II (Star No.

18288); Police Sergeant Arshanette Chambers (Star No. 1071) for compensatory damages,

punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such

other and additional relief as this Court deems equitable and just.

COUNT III
ILLINOIS LAW CLAIM - INDEMNIFICATION
AGAINST CITY OF CHICAGO

27.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1

through 26.

28.     Illinois law provides that public entities are directed to pay any tort judgment for

compensatory damages for which employees are liable within the scope of their employment

activities.

29.     At all times relevant to this incident, Defendant Officers were employees of the

City of Chicago, and they acted within the scope of their employment in committing the

misconduct described herein.

WHEREFORE, the Plaintiff, Jerome Wilson, prays that should this Court enter judgment

in his favor and against one or more of the Defendant Officers, the City of Chicago will be

ordered to pay the Plaintiff any judgment for compensatory damages obtained against those

Defendants.

<u>JURY DEMAND</u>

Plaintiff prays for trial by jury.

Respectfully submitted,

JEROME WILSON


<u>/s/ David S. Lipschultz</u>
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com